Jones, J.,
 

 dissenting. The relator’s petition recited that the Governor denied signing the lease contract, and that his signature appearing thereon was appended with his authority.
 

 The Governor filed a general demurrer to the petition. This court sustains his demurrer and issues no writ against him, and thus leaves the lease contract without his approval. To this we assent. Without the Governor’s approval the superintendent of public works is unauthorized to proceed under the lease contract.
 

 Section 412-5, General Ciode, reads: “As to their general form and legality, such contracts or leases must be approved by the attorney general and, before becoming binding obligations on the state of Ohio, they shall be approved by the governor, by his written endorsement thereon.”
 

 In their brief, counsel for relator admit that to safeguard the public under said statute the restriction relating to the approval by the Governor was put upon the agency of the superintendent of public works to make lease contracts for state prop
 
 *328
 
 erty. It is evident, therefore, that the superintendent cannot act without the initial approval of the Grovernor; for otherwise the contract would be invalid by force of said statute, which provides that “such contracts or .leases * * *
 
 before becoming binding obligations on the state of Ohio, they shall be approved by the Governor, by his written endorsement thereon
 

 Before this court can issue a writ in mandamus compelling the superintendent to act, it must find that the Grovernor approved the contract. The petition discloses that he disavowed such approval, and that his signature was placed thereon without his authority. At the least this was an issue of fact, one which should be determined in relator’s favor before the superintendent of public works could be compelled by mandamus to act.
 

 Day and Matthias, JJ., concur in the dissenting opinion.